IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WAYNE WITHERS and wife, CATHY WITHERS,<br><br>    Plaintiffs,<br><br>v.<br><br>SCHNEIDER NATIONAL CARRIERS, INC.<br><br>    Defendant. | Civil Action No. 2:13-cv-00180-JRG |

## MEMORANDUM AND OPINION

Before the Court is Defendant Schneider National Carriers' ("Defendant") Motion for Leave to Designate Knife River Corporation as a Responsible Third Party under Texas Civil Practice and Remedies Code Section 33.004(a). (Dkt. No. 53.) Having considered the parties' written submissions, the Court **DENIES** the Motion.

**I.**     **Background**

This diversity action arises from a vehicular accident between a motorcycle operated by Plaintiff Wayne Withers and a tractor-trailer owned by Defendant. The accident occurred on October 4, 2011 in a highway construction zone, when the driver of the tractor-trailer allegedly failed to yield the right of way at a stop sign and turned his vehicle directly into the path of Plaintiff's motorcycle, causing a collision between the two vehicles. Plaintiff Wayne Withers allegedly suffered bodily injury as a result of the collision. Knife River Corporation ("Knife River") was the construction company working in the construction zone where the accident

1

occurred.

Plaintiff filed the instant action against Defendant on February 26, 2013, alleging that Defendant's negligence in operating the tractor-trailer caused his injury. The Court issued a Docket Control Order on July 10, 2013, giving the parties until December 4, 2013 to conduct relevant discovery. (Dkt. No. 15.) Within the same order the Court set a jury selection date on March 3, 1014. On December 5, 2013, Defendant filed the instant motion, accompanied by an Amended Answer, seeking to designate Knife River as a responsible third party under Texas Civil Practice and Remedies Code Section 33.004(a).

**II.     Applicable Law**

Under Texas Civil Remedy and Practice Code 33.004(a), "a defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate… on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date." A defendant, however, may not designate a person as a responsible third party with respect to a claimant's cause of action after the expiration of the applicable limitations period with respect to the responsible third party, "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code § 33.004(d).

**III.    Analysis**

It is undisputed that Defendant has filed its motion for leave to designate more than sixty days prior to the March 3, 2014 trial date pursuant to § 33.004(a). It is also undisputed that the applicable statute of limitations has run against Knife River and they are now beyond Plaintiff's ability to recover against them. Defendant argues that the Court should grant it leave to designate

2

Knife River as a responsible third party, because Knife River's alleged negligent acts in performing the roadway construction may have caused or contributed to the accident at issue. In response, Plaintiff first argues that third-party practice in this case should be governed by Rule 14 of the Federal Rules of Civil Procedure, not § 33.004 of the Texas Civil Practice and Remedy Code. Plaintiff further contends that Defendant's disclosure of Knife River as a responsible third party has been untimely. Finally, Plaintiff alleges that there exists no evidence that Knife River is responsible for any part of Plaintiff's injury. The Court will address each of these arguments in turn.

### a. Tex. Civ. Prac. & Rem. Code § 33.004 is Applicable in This Case

Plaintiff first disputes the applicability of § 33.004 in this diversity action, arguing broadly that third-party practice in federal courts should instead be governed by Rule 14 of the Federal Rules of Civil Procedure. While there seems to be no precedent on point from the Fifth Circuit, various other district courts within this circuit, however, have concluded that the designation of a responsible third party under § 33.004 does not conflict with Rule 14. *See, e.g.*, *Muniz v. Stanley*, No. L-06-cv-126, 2007 WL 1100466, at *2 (S.D. Tex. April 11, 2007). While Rule 14 dictates how third-parties may be formally joined and become parties to the suit subject to liability, under § 33.004 responsible third parties are not joined as parties – they are only designated as being responsible without being made parties to the suit. *Id.*; *Werner v. KPMG*, 415 F. Supp. 2d 688, 692 (S.D. Tex. 2006). "Rather than requiring formal joinder, § 33.004 provides a mechanism to designate responsible third parties who then may be apportioned fault." *Muniz*, 2007 WL 1100466, at *3. The designation "does not itself impose liability" on the responsible third party, nor can it be used in any other proceeding for purpose of res judicata or collateral estoppel. Tex.

3

Civ. Prac. & Rem. Code § 33.004 (i). Thus, § 33.004 exists to allow proper allocation of fault among both the named defendants and those persons designated as responsible third parties, rather than to govern the procedures by which third-parties may be brought into the case as Rule 14 does. Finding no conflict between Rule 14 and § 33.004, the Court is not persuaded that Rule 14 forecloses the applicability of § 33.004 in federal diversity actions and holds accordingly that § 33.004 is substantive law and applies in the instant case.

### b. Texas Responsible Third Party Statute

Section 33.004 of Texas Civil Practice and Remedies Code, also known as the Texas Responsible Third Party Statute, was amended in 2003 to give defendants the opportunity to introduce evidence regarding a responsible third party's fault and to have the jury apportion responsibility to the third party even if that person has not been joined as a party to the lawsuit. A defendant may do so by designating a "responsible third party." A plaintiff can usually respond by joining the responsible third party as an additional defendant. "Under this scenario, all culpable parties were before the court, defending themselves, and accountable to the plaintiff for their percentage of responsibility," thereby achieving "a carefully constructed scheme balancing the interests of both defendants and claimants." Justin C. Roberts & Randell C. Roberts, *Can Immune Parties Really Be Responsible?: An Analysis of the Current Interpretation of the Texas Responsible Third Party Statute and Its Vulnerability to Constitutional Challenge*, 43 St. Mary's L.J. 559 (2012).

However, this statutory scheme risks creating a material imbalance when a defendant is allowed to designate a responsible third party against whom the limitations period of plaintiff's claim has expired. *See, e.g.*, *Molinet v. Kimbrell*, 356 S.W.3d 407 (Tex. 2011) (the defendant

4

being allowed to designate certain physicians as responsible third parties against whom the plaintiff's claims were time-barred). Under this circumstance, while the defendant may potentially cut down liability by blaming the third party, the plaintiff is precluded by limitations from seeking recovery on the basis of that third party's fault. This also creates an unfair burden at trial, as the plaintiff has to attempt to exonerate the judgment-proof third party, in addition to building a case against the defendant.

The 2003 amendment to § 33.004 dealt with this issue by providing the plaintiff a reciprocal right to join a time-barred designee in case the defendant designated a time-barred responsible third party. Under § 33.004 (e), a plaintiff "may join a responsible third party, even though such joinder would otherwise be barred by limitations," if the plaintiff seeks to do so within sixty days of the filing of a third party claim. Tex. Civ. Prac. & Rem. Code § 33.004(e) (repealed). Thus, § 33.004(e) sought to restore the statutory balance in cases involving time-barred responsible third parties by ensuring that plaintiff would be able to seek recovery from these otherwise judgment-proof third parties.

The debate about the proper application of § 33.004(e), however, sharply divided the highest state court of Texas. In *Molinet v. Kimbrell*, the plaintiff attempted to join certain responsible third-party physicians pursuant to § 33.004(e), the claims against whom were otherwise time-barred under § 74.251, the Texas health care liability statute. *Molinet*, 356 S.W.3d 407. The Texas Supreme Court held that the statute of limitations mandated by § 74.251 trumped the plaintiff's ability to join a time-barred responsible third party under § 33.004(e), based primarily on the "notwithstanding any other law" language in § 74.251. *Id.* at 413-14. Two justices filed a vigorous dissent, noting that while a defendant has much to gain strategically by

5

designating a responsible third party for purpose of shifting liability, a plaintiff, deprived of the ability to join time-barred non-parties, would be forced to prove the liability of the party defendant as well as to "defend[] the empty chair." *Id.* at 419 (Lehrmann, J., dissenting). Such a holding, the dissenting justices reasoned, would "disrupt[] the balance the Legislature sought to implement in section 33.004(e)." *Id.* at 420.

Presumably troubled by this tension between § 33.004(e) and the limitation requirements mandated under certain other statutes such as § 74.251, the Texas Legislature repealed § 33.004(e) in 2011. Act of May 30, 2011, 82d Leg., R.S., ch. 203, § 5.02, 2011 Tex. Sess. Law Serv. 758, 760 (West). It instead introduced § 33.004(d), providing essentially that for a defendant to designate a time-barred responsible third party, the defendant must "comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code § 33.004 (d).

The Texas Legislature's adoption of the new § 33.004(d) is an effort to maintain the same statutory balance with respect to time-barred responsible third parties, albeit in a different fashion. § 33.004(d) now takes away the defendant's ability to designate a time-barred third party when he has failed to timely disclose such party. Working as a procedural safeguard, the "timely disclosure" requirement seeks to guarantee that the defendant essentially cannot undercut the plaintiff's case by belatedly pointing its finger at a time-barred responsible third-party against whom the plaintiff has no possibility of recovery.

### c. Defendant's Disclosure of Knife River Was Untimely

In this case, Defendant alleges that Knife River Corporation is responsible for Plaintiff's injury because of its negligent acts in performing the roadway construction on October 4, 2011. It

is undisputed that the applicable statute of limitations against Knife River expired on October 4, 2013, and that Defendant only disclosed Knife River as a responsible third party after the expiration of the limitations period, indeed by means of the instant motion filed on December 5, 2013. The issue before the Court is then whether Defendant's disclosure of Knife River is "timely" under § 33.004(d). The Court finds that it is not.

§ 33.004(d) instructs the court to consider "if the defendant has failed to comply with its obligations, if any, to timely disclose that the person may be designated as a responsible third party under the Texas Rules of Civil Procedure." This inquiry is complicated in the instant case – a federal diversity action – where discovery is generally governed by the Federal, rather than Texas Rules of Civil Procedure. Under Rule 26(a) of the F.R. Civ. P. 26(a)(1), a party must make initial disclosure of a variety of information including the identities of relevant individuals, "without awaiting a discovery request" from the other side. In contrast, Texas Rules of Civil Procedure 194.2(1) states that a party "may request disclosure" of the identity of a potential responsible third party, and only upon such request the responding party need to serve a written response concerning such. Recognizing the different disclosure obligations imposed by the Federal and Texas Rules of Civil Procedure, one district court has held that a defendant either has no obligation to timely disclose a responsible third party because Texas procedural rules do not apply, or even if Texas procedural rules do apply, a defendant's obligation remains nonexistent until a plaintiff has explicitly requested the identity of potential responsible third parties. *See Webber, LLC v. Symons Corp.*, No. 4:12-cv-181, 2013 WL 3356291, at *2 (N.D. Tex. July 3, 2013). This Court, however, disagrees.

The Texas Supreme Court has not spoken as to what constitutes a "timely" disclosure

under § 33.004(d), particularly, whether a disclosure made after the statute of limitations has run can nevertheless be deemed "timely."  In construing the "timely disclosure" requirement of § 33.004(d), however, this Court must presume that the Texas Legislature intended "a just and reasonable result."  *See, e.g.*, *City of Dallas v. Abbott*, 304 S.W.3d 380, 384 (Tex. 2010) (citing Tex. Gov't Code § 311.021(2), (3)).  Otherwise, the "timeliness" requirement has no meaning.

Here, Defendant has been aware that the accident occurred in Knife River's construction zone since the day of the accident, i.e., October 4, 2011.  The photographs of the accident scene, taken at the time by the responding law enforcement officer, make it clear that Defendant's driver could not reasonably have been unaware of the construction at this intersection.  Yet Defendant only claimed Knife River's responsibility more than two years later, indeed after the applicable limitations had run on October 4, 2013.  If this Court deems such a disclosure "timely" and thereby allows Defendant to designate Knife River as a responsible third party, Plaintiff will be left with no recourse against Knife River while Defendant enjoys the unfair advantage of shifting liability to Knife River, who is now judgment-free.  Further, not only is Plaintiff unable to seek recovery based on Knife River's alleged fault, he would also have to take up the added burden of defending an "empty chair" at trial.  *See Molinet*, 356 S.W.3d at 419.  Plaintiff's burden is further exacerbated in this case given that discovery has closed and trial is set to take place in two months.  This Court finds it inconceivable that the Texas Legislature intended such a result being so far-removed from being either just or reasonable.  Indeed, having strived to maintain a balanced statutory scheme, first with § 33.004(e) and now with § 33.004(d), the Legislature's actions reflect a particular vigilance against creating just such a one-sided result. Notwithstanding the different disclosure obligations imposed by the Federal and the Texas Rules

of Civil Procedure, a defendant has a duty to disclose the existence of any potential responsible third parties as soon as reasonably possible, so a plaintiff may have an opportunity to join such parties before they are time barred.  The obligation on the Defendant to timely discover and disclose any such responsible third parties before the statute of limitations runs is but a fair and reasonable burden when compared to the excessive burden that would otherwise be visited upon the Plaintiff.

In this case, Defendant had ample information available since the day of the accident which clearly suggests Knife River's potential responsibility.  A diligent investigation on Defendant's part would have led to an earlier designation, giving Plaintiff an opportunity to join Knife River before limitations ran.  This Court finds no difference in a situation where Defendant's counsel failed to diligently investigate this accident and only found out about Knife River after October 4, 2013 or whether it knew it and knowingly delayed seeking to designate them as a responsible third party until after October 4, 2013.  In either case, such a belated disclosure fails to meet the "timely" requirement of § 33.004(d).  To hold otherwise would produce a result neither just nor reasonable and it would make § 33.004(d) essentially meaningless when the underlying case is brought in federal court.  Since § 33.004 is substantive law and applicable to litigation in federal court, the procedural differences between state and federal court in who must initiate factual disclosure cannot reasonably be applied in a way that destroys the meaning and effect of § 33.004(d).  Therefore, pursuant to § 33.004(d), Defendant having failed to make a timely disclosure of its intent to designate Knife River as a responsible third party, is precluded from making such designation in this case.

To be clear, by this holding the Court does not purport to announce a general rule that all

disclosures made after the applicable statute of limitations have expired must be deemed untimely for purpose of § 33.004(d). § 33.004(d) must be applied in those circumstances as the facts of each case require. Timeliness is determined in every trial court on a case by case basis.

### d. Plaintiff's Other Argument

Plaintiff further argues that Defendant should not be allowed to designate Knife River as a responsible third party because there is no evidence that Knife River is responsible for any portion of Plaintiff's alleged injury. Tex. Civ. Prac. & Rem. Code § 330.04(l). Having decided that Defendant's disclosure of Knife River is untimely and that it is precluded from designating Knife River as a responsible third party, the Court need not reach Plaintiff's argument in this regard.

### IV. Conclusion

For the reasons stated above, the Court hereby **DENIES** Defendant Schneider National Carriers, Inc.'s Motion for Leave to Designate Knife River Corporation as a Responsible Third Party (Dkt. No. 53) and **STRIKES** the relevant portion of Defendant's Amended Answer (Dkt. No. 52) from the record.

**So ORDERED and SIGNED this 22nd day of January, 2014.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE